IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-55-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL ELLIS WIGGINS, | ) | |
| | ) | |
| Defendant. | ) | |

On July 10, 2020, Michael Ellis Wiggins ("Wiggins") moved for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 [D.E. 98]. On July 23, 2020, the government responded in opposition [D.E. 100]. On July 28, 2020, Wiggins replied [D.E. 101]. As explained below, the court denies Wiggins's motion for reduction of sentence.

I.

On September 7, 2010, pursuant to a written plea agreement, Wiggins pleaded guilty to conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base (crack). See [D.E. 62, 63]. On December 15, 2010, the court held Wiggins's sentencing hearing. See [D.E. 71, 74]. At the hearing, the court adopted the facts set forth in the PSR. See Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Wiggins's total offense level to be 33, his criminal history category to be III, and his advisory guideline range to be 168 to 210 months' imprisonment. See [D.E. 94] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Wiggins to 180 months' imprisonment. See id.; [D.E. 74]. Wiggins did not appeal.

On November 18, 2015, Wiggins moved for a sentence reduction under 18 U.S.C. §

3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 89]. On November 24, 2015, the government responded. See [D.E. 90]. On June 25, 2018, after recalculating Wiggins's advisory guideline range as 135 to 168 months' imprisonment based on a total offense level 31 and criminal history category III, the court denied Wiggins's motion for sentence reduction. See [D.E. 94] 2–3. Wiggins did not appeal.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of cocaine base (crack) necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of cocaine base (crack) necessary to trigger a 10 year to life sentence increased from 50 grams to 280 grams. See id., § 2, 124 Stat. at 2372.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify

2

an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020 ) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished).

Wiggins's new advisory guideline range is 135 to 168 months' imprisonment based on a total offense level 31 and a criminal history category III. See [D.E. 102] 2. The court has discretion to reduce Wiggins's sentence. See Gravatt, 953 F.3d at 262–64; Wirsing, 943 F.3d at 184–86; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4. The court has completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors

3

under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for Wiggins's offense conduct, Wiggins engaged in serious criminal behavior involving 27.56 kilograms of cocaine and 96.65 grams of cocaine base (crack). See PSR ¶¶ 8–9. Wiggins also possessed a firearm during his drug trafficking. See id. Moreover, Wiggins is a recidivist and has convictions for resisting a public officer, possession of marijuana, possession of stolen goods or property, wearing a mask to conceal identity, carrying a concealed gun, cruelty to animals, and assault on a female. See id. ¶¶ 13–20. Wiggins also has performed poorly on supervision and has no work history. See id. ¶¶ 18, 34. Wiggins has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for giving or accepting money without authorization, phone abuse/disrupting monitoring, being absent from assignment (three counts), consuming alcohol, and fighting with another person. See [D.E. 98] 3–5; [D.E. 101] 2–3; cf. Pepper v United States, 562 U.S. 476, 491 (2011); Chambers, 956 F.3d at 671–75. In light of Wiggins's serious criminal conduct, serious criminal record, poor performance on supervision, misconduct while incarcerated, the need to promote respect for the law, the need to deter others, and the need to incapacitate Wiggins, the court declines to reduce Wiggins's sentence. See, e.g., 18 U.S.C. § 3553(a); Chavez-Mesa, 138 S. Ct. at 1966–68; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4.

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the new advisory guideline range, it still would not reduce Wiggins's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86

4

(4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

II.

In sum, the court DENIES Wiggins's motion for reduction of sentence [D.E. 98].

SO ORDERED. This _10_ day of December 2020.

JAMES C. DEVER III  
United States District Judge

5